**F I L E D**

IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

3/13/15

**DORIAN E. RAMIREZ, CLERK**

**BY** DTello

ACCEPTED
13-14-00656-CV
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
3/13/2015 3:59:43 PM
DORIAN RAMIREZ
CLERK

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS

3/13/2015 3:59:43 PM

DORIAN E. RAMIREZ
Clerk

# Exhibit 1

No. 13-14-00656-CV

IN THE THIRTEENTH
COURT OF APPEALS
AT CORPUS CHRISTI, TEXAS

TEXAS CAMPAIGN FOR THE ENVIRONMENT AND ROBIN SCHNEIDER,

*Appellants*

v.

PARTNERS DEWATERING INTERNATIONAL, LLC

*Appellee*

Interlocutory Appeal from the 444th Judicial District Court,
Cameron County, Texas, Cause No. 2014-DCL-03498-H,
the Honorable David Sanchez, Presiding

**APPELLEE'S SUR-REPLY**

Keith W. Lapeze
Lead Counsel
Texas Bar No. 24010176
Taylor L. Shipman                     Frank Costilla
Texas Bar No. 24079323               Texas Bar No. 04856500
The Lapeze Firm, P.C.                 Law Office of Frank Costilla
601 Sawyer Street, Suite 650         5 E. Elizabeth Street
Houston, Texas 77007                 Brownsville, Texas 78520
Phone: (713) 739-1010                Phone: (956) 541-4982
Fax: (713) 739-1015                  Fax: (956) 544-3152
E-mail: keith@lapezejohns.com        E-mail: frank@costillalaw.com

**Counsel for Appellees**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS …………………………………………………… 2

INDEX OF AUTHORITIES ……………………………………………... 3

SUMMARY OF THE ARGUMENT …………………………………….. 4

ARGUMENT …………………………………………………………... 5

# INDEX OF AUTHORITIES

**CASES**

*Forbes, Inc. v. Granada Biosciences, Inc.,* 124 S.W.3d 167, 170 (Tex. 2003)........ 5
*Hurlbut v. Gulf Atl. Life Ins.,* 749 S.W.2d 762, 766 (Tex. 1987)............................ 5

**STATUTES**

TEX. CIV. PRAC. & REM. CODE § 27.005(c)............................................................. 6
TEX. CIV. PRAC. & REM. CODE §27.005(d).......................................................... 5,6,7

## SUMMARY OF THE ARGUMENT

Contrary to Appellants' statement in their Reply Brief, this case is certainly about tortious interference with a contract and business disparagement. The Appellants in this case were not merely "criticizing a decision," but were intentionally spreading falsehoods and actively worked toward their stated goal of ending PDI's contract with the City of Rio Hondo.

In addition, Appellants attempt to argue in their Reply Brief, <u>for the first time</u>, that they have successfully proved by a preponderance of the evidence their "affirmative defenses" of "truth" and "substantial truth" under Texas Civil Practice & Remedies Code § 27.005(d) (Appellants' Reply Brief at 8). However, truth and substantial truth are not defenses of either tortious interference with a contract or business disparagement claims (<u>falsity is an element</u> of PDI's business disparagement claim). *Forbes, Inc. v. Granada Biosciences, Inc.,* 124 S.W.3d 167, 170 (Tex. 2003); *Hurlbut v. Gulf Atl. Life Ins.,* 749 S.W.2d 762, 766 (Tex. 1987). Therefore, PDI objects to the Appellants' new argument regarding defenses and reiterates that the only evidence relevant to PDI's burden is the evidence it introduced.

# ARGUMENT

**Truth and Substantial Truth Are Not Defenses to PDI's Causes of Action**

Appellants spend an ample amount of time in their Reply discussing their alleged "defenses" of truth to PDI's causes of action. They even go so far as to state that "truth" and "substantial truth" were argued as defenses at both the trial court and appellate level (Appellants Reply Brief at 8). However, Appellants' Chapter 27 Motion to Dismiss filed with the trial court, and which is the subject of this appeal, makes absolutely no mention of any defense. Further, the discussion made by the Appellants in their Brief discuss truth in the context of the element of falsity in the Appellee's cause of action for business disparagement. Indeed, the word "defense" in reference to an affirmative claim they are making is never mentioned in their brief.

In order to defeat the Appellee's clear and specific evidence of its causes of action under Texas Civil Practice & Remedies Code § 27.005(d), Appellants must prove each essential element of a valid defense by a preponderance of the evidence. Never at either the trial court level or the appellate level, did Appellants introduce any evidence to prove by a preponderance of the evidence each essential element of a valid defense under Section 27.005(d) of the Texas Civil Practice & Remedies Code. In fact, "Section 27.005(d)" was never mentioned in the Motion to Dismiss or the Appellants' Brief. The first time this specific section was

5

specifically cited was in the Appellants' Reply Brief. Indeed, any evidence introduced by the Appellants was done so in an attempt to contradict PDI's prima facie evidence of its causes of action of tortious interference with a contract and business disparagement. However, and as previously argued, the statute states that a court "<u>may not</u> dismiss a legal action under this section if <u>the party bringing the legal action</u> establishes by clear and specific evidence a prima facie case for each essential element of the claim in question." Tex. Civ. Prac. & Rem. Code § 27.005(c) (emphasis added). It is clear from the language of the statute that PDI is the only party that had the burden to produce evidence to prove its claims as stated above. The statute does not say that PDI had to produce evidence to establish each essential element above and beyond any evidence that contradicts its own. Therefore, the evidence produced by the Appellants is irrelevant.

As found by the trial court, PDI did establish, by the evidence it introduced, a prima facie case for each essential element of its claims of tortious interference with a contract and business disparagement claims.

In their Motion, the Appellants never attempted to argue any valid defense to either PDI's tortious interference of a contract or business disparagement claims. Therefore, any evidence that was produced by the Appellants could not have proved a defense by a preponderance of the evidence as required by the statute. Tex. Civ. Prac. & Rem. Code § 27.005(d).

## PRAYER

For these reasons and reasons stated in the Appellee's Response Brief, Appellee Partners Dewatering International, LLC asks that the Court affirm the trial court's denial of Appellants Texas Campaign for the Environment and Robin Schneider's Chapter 27 Texas Civil Practice and Remedies Code Motion to Dismiss.

Respectfully submitted,

*/S/ KEITH W. LAPEZE*
Keith W. Lapeze
Texas Bar No.  24010176
Taylor L. Shipman
Texas Bar No. 24079323
601 Sawyer Street, Suite 650
Houston, Texas  77007
Tel.:  (713) 739-1010
Fax:  (713) 739-1015
E-Mail:  keith@lapezejohns.com
E-Mail:  taylor@lapezejohns.com

Frank Costilla
State Bar No. 04856500
Law Office of Frank Costilla
5 E. Elizabeth Street
Brownsville, Texas 78520
Tel.:  (956) 541-4982
Fax:   (956) 466-7387
E-Mail:  frank@costillalaw.com

COUNSEL FOR APPELLEE

## CERTIFICATE OF COMPLIANCE

This brief complies with the word limit of Tex. R. App. P. 9.4(i)(2)(B) because it contains 1,132 words (via WORD 2011 count of the entire brief) and the font size is 14 point, Times New Roman font.

*/S/ KEITH W. LAPEZE*
Keith W. Lapeze

## CERTIFICATE OF SERVICE

On this 13th day of March 2015, I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel via electronic service or e-mail:

Sara Berkeley Churchin
E-mail:  schurchin@thompsoncoe.com
Wade Crosnoe
E-mail:  wcrosnoe@thompsoncoe.com
Stephanie S. Rojo
E-mail:  srojo@thompsoncoe.com
Jessica L. Kirker
E-mail jkirker@thomsoncoe.com
THOMPSON, COE, COUSINS & IRONS, LLP
701 Brazos, Suite 1500
Austin, Texas 78701

Jaime A. Saenz
E-mail:  ja.saenz@rcclaw.com
Lecia L. Chaney
E-mail:  ll.chaney@rcclaw.com
Colvin, Chaney, Sanez & Rodriguez, LLP
1201 E. Van Buren
Brownsville, Texas 78522-2155
*Counsel for Defendants Texas Campaign for the Environment and Robin Schneider*

*/S/ KEITH W. LAPEZE*
Keith W. Lapeze
